IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIE ORLANDO MCKINNON, | |
| Plaintiff, | |
| v. | Civil Action No.: JKB-24-0289 |
| LT. MICHAEL TATE, | |
| Defendant. | |

## MEMORANDUM

This case concerns accusations of verbal sexual harassment and attempted sexual assault allegedly committed by Defendant Lt. Michael Tate against Plaintiff Willie Orlando McKinnon, while McKinnon was incarcerated. Pending before the Court are cross-motions for summary judgment. The issues having been fully briefed, the Court finds that no hearing is necessary. *See* D. Md. Local Rule 105.6. For the reasons that follow, the Court will grant Tate's motion for summary judgment (ECF No. 47) and deny McKinnon's motion (ECF No. 38).[1]

## I. BACKGROUND

McKinnon alleges that while he was incarcerated in the Montgomery County Correctional Facility ("MCCF"), Lt. Tate, a correctional officer, attempted to sexually assault him. (ECF No. 1-1 at 1.) In a prior Memorandum Opinion, the Court recounted McKinnon's allegations as follows:

> McKinnon alleges that while he was incarcerated at MCCF, he was the victim of "another attempted sexual assault and sexual harassment incident with Lt. Michael Tate." (ECF No. 1-1 at 1.) . . . .
>
> McKinnon explains that on September 8, 2023, at approximately 6:00 a.m., Lt. Tate came into his cell unaccompanied by any other staff members. (*Id.* at 1.) McKinnon asked Lt. Tate what he was doing coming into his cell because, at

---

[1] Lt. Tate's Motion for Extension of Time to file a Motion for Summary Judgment (ECF No. 46) and Motion for Leave to File Reply Out of Time (ECF No. 51) will also be granted.

> that time, McKinnon had a pending complaint against him for sexual assault. (*Id.*) McKinnon told Lt. Tate to get out of his cell, but Lt. Tate replied that he did not care and "that he still wants it." (*Id.*) Tate then tried to grope McKinnon, but McKinnon knocked his hand away and began yelling loud enough for the officer on duty to hear him. (*Id.*) McKinnon claims that Tate ran out of the cell but stopped at the cell door where he stood staring at him. (*Id.*)

(ECF No. 25 at 2.)

Based on these allegations, McKinnon sued the Director of MCCF, Warden Fred Abello, Deputy Nash, and Lt. Tate for violating his Fourteenth Amendment rights. (ECF No. 1-1 at 1.) On November 26, 2024, the Court dismissed the claims against the Director of MCCF, Warden Abello, and Deputy Nash without prejudice because McKinnon had not raised claims against them in administrative grievances, so those claims were unexhausted under the Prisoner Litigation Reform Act. (ECF No. 25 at 12.) However, as to Lt. Tate, the record before the Court did not show that administrative remedies were unexhausted, and the merits of the claim against him had also not been addressed. (*Id.*) So, the Court ordered further briefing on the merits of the claim.

In the pending Motion for Summary Judgment, Lt. Tate asserts that McKinnon's claim against him fails because McKinnon admitted, in the Complaint and during his deposition, that Lt. Tate never touched him during the alleged incident. (ECF No. 47-1 at 1–2.) Lt. Tate also argues that the allegation that he made comments to McKinnon during the alleged encounter does not amount to a constitutional violation. (*Id.* at 2.)

In his opposition response, McKinnon maintains that the violation of his Eighth and Fourteenth Amendment rights occurred when Lt. Tate entered his cell with the apparent *intent* to sexually assault him. (ECF No. 50 at 2–3.) He claims that "When someone is trying to rape someone or sexual[ly] assault them and they fight back and the rapist or sexual assaulter runs away without him getting what he came for this is still sexual assault, excessive use of force and cruel and unusual punishment." (*Id.* at 2.)

2

McKinnon has also filed affidavits from two other inmates, Claude King and Keynen Ross. (ECF Nos. 34-1, 34-2.) Mr. King overheard the interaction between McKinnon and Lt. Tate on September 8, 2023, when McKinnon was yelling "get out of my cell . . . I already have a sexual assault complaint against you." (ECF No. 34-1). Mr. King recalls going to his cell window and observing that it was McKinnon who was yelling at Lt. Tate.[2] (*Id.*)

Mr. Ross recalls his own encounters with Lt. Tate and claims that the strip searches, body cavity searches, and pat down searches he conducted were unnecessarily intrusive. (ECF No. 34-2.) Mr. Ross does not include any recollections regarding McKinnon's interactions with Lt. Tate. (*Id.*)

McKinnon also submitted counseling records in support of his emotional injury claim. (ECF No. 33-1.) The records he submitted document chronic care appointments with psychiatry providers that occurred at Maryland Correctional Training Center ("MCTC") in Hagerstown, Maryland, where McKinnon is now incarcerated. The first occurred on May 8, 2024, and notes that he was seen because he requested it. (*Id.* at 3.) The Clinical Encounter Data indicates that McKinnon reported having an active lawsuit for being groped by a correctional officer at "Clarksburg's county jail." (*Id.*) The report further states:

> When approaches towards healthy and effective ways to reduced intense and reactive emotions to perceived traumatic events were highlighted by this provider, [McKinnon] replied: "well I am just here to vent, so the judge can see I got therapy, I am alright." He then asked: "these meeting[s] are documented right?" [He] was informed that all encounters with incarcerated individuals are documented in medical records data base systems.

---

[2] Two additional affidavits from inmates John Greenhill and Frank Pineda also state that the September 8, 2023, encounter occurred. (ECF No. 33 at 3–4.)

3

(*Id.*) In another session that occurred on May 31, 2024, McKinnon expressed regret that he did not beat up Lt. Tate when he groped him. (*Id.* at 4.) McKinnon repeated his desire to simply "vent" in a session that occurred on January 28, 2025. (*Id.* at 5.)

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute of material fact exists if there is sufficient evidence for a jury to return a verdict in favor of the nonmovant, but the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The Court views the evidence in the light most favorable to the nonmovant and draws all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam).

## III.   ANALYSIS

It is well established that "not all undesirable behavior by state actors is unconstitutional." *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). In the Eighth Amendment context, physical contact is ordinarily required to sustain a claim. *Jackson v. Holley*, 666 F. App'x 242, 244 (4th Cir. 2016). And, even then, "not every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (internal quotation and citation omitted). For instance, the Fourth Circuit has found that an officer (1) sending a prisoner a "sexually explicit and lurid" letter; (2) posing seductively and whispering sexually explicit words; and (3) planting "her groin area" in the prisoner's face while he was seated for a haircut was not conduct that amounted to an Eighth Amendment violation. *Jackson*, 666 F. App'x at 244. Here, while the alleged actions of Lt. Tate were distressing to McKinnon, the

4

undisputed facts establish that McKinnon's claim involves no actual physical contact made by Lt. Tate during the September 8, 2023, incident. Rather, before Lt. Tate could make contact with McKinnon, McKinnon batted his hand away. That does not meet the standard for an Eighth Amendment violation.

Similarly, Lt. Tate's alleged statement, "I still want it," did not violate McKinnon's Eighth Amendment right because the Constitution does not generally protect inmates from verbal sexual harassment. *Jackson*, 666 F. App'x at 244; *see also, e.g.*, *Baltas v. Clarke*, No. 7:20cv00276, 2021 WL 1080516, at *20 (W.D. Va. Mar. 18, 2021) ("[W]hile propositioning [a prisoner] for oral sex or threating to 'break his ass' may be wholly unacceptable, unprofessional, and inappropriate, it has generally been found to be the type of verbal harassment that is not actionable under the Eighth Amendment."); *Best v. Balt. Cty.*, No. ELH-19-2344, 2021 WL 878351 at *18 (D. Md. Mar. 9, 2021) (holding that an officer telling an inmate that the cameras were present so that they could watch inmates "jerk off" failed to state a constitutional claim). Lt. Tate's statement pales in comparison to the statements made in other cases where no constitutional violation was found. Accordingly, Lt. Tate is entitled to summary judgment based on the undisputed facts on the record before the Court. A separate Order follows.

Dated this __16__ day of January, 2026.

FOR THE COURT:

_____
James K. Bredar
United States District Judge

5